## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEONTA DEJUAN BALLARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 19-CV-0662-CVE-JFJ** |
| | ) | |
| **JIMMY MARTIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is respondent's motion (Dkt. # 5) to dismiss the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) filed by petitioner on December 2, 2019.[1]  In the dismissal motion and supporting brief (Dkt. # 6), respondent contends that petitioner failed to file the petition within one year of the date his state-court judgment became final, as required by 28 U.S.C. § 2244(d)(1)(A).  In his response (Dkt. # 7) to the dismissal motion, petitioner seeks equitable tolling of the one-year limitation period, alleging a statewide correctional facility lockdown and computer issues prevented him from filing a timely petition.  For the reasons that follow, the Court finds that even with the benefit of statutory and equitable tolling, the petition is untimely.  The Court therefore grants respondent's motion and dismisses with prejudice the petition for writ of habeas corpus.

---

[1]     The Clerk of Court received the petition on December 5, 2019. Dkt. # 1, at 1.  But petitioner declares, under penalty of perjury, that he placed the petition in his facility's prison mailing system on December 2, 2019.  Id. at 36.  Applying the prison mailbox rule, the Court thus deems the petition filed on December 2, 2019.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner's notice of appeal "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (incorporating prison mailbox rule).

## I.

Petitioner challenges the constitutional validity of the judgment entered against him in the District Court of Tulsa County, Case No. CF-2012-4776.  Dkt. # 1, at 1.  That case was tried to a jury that found petitioner guilty of robbery with a firearm (two counts), first degree burglary, kidnapping for extortion, kidnapping, and felony possession of a firearm.  Dkt. # 6-4, at 1.  Following the sentencing phase of petitioner's trial, the jury found that petitioner had two prior felony convictions and recommended a life sentence for each of his six convictions.  Dkt. # 6-4, at 1.  The trial court sentenced petitioner accordingly.  Id. at 1-2.

Represented by appellate counsel, petitioner filed a direct appeal.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's judgment and sentence in an unpublished summary opinion filed August 31, 2017, in Case No. F-2016-455.  Dkt. # 6-4, at 1, 8.  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.  Dkt. # 1, at 3.

Represented by postconviction counsel, petitioner filed his first application for postconviction relief on August 31, 2018.  Dkt. ## 6-5, 6-6, 6-7, 6-8, 6-9, 6-10.[2]  Petitioner, proceeding pro se, filed a second application for postconviction relief on September 7, 2018.  Dkt. # 6-13.  In two separate orders filed on October 19, 2018, the state district court denied the first application filed by counsel, Dkt. # 6-12, and denied the second application filed by petitioner, Dkt. # 6-15.  Petitioner did not file a postconviction appeal from either order.  Dkt. # 6, at 3-4.

---

[2]     It appears that counsel filed one application for each of petitioner's six convictions, but the state district court apparently construed all six, together, as petitioner's "first" application. Dkt. ## 6-5, 6-6, 6-7, 6-8, 6-9, 6-10, 6-15.

Meanwhile, on August 31, 2018,[3] petitioner, proceeding pro se, filed a petition for writ of habeas corpus in this court, in Ballard v. Martin, N.D. Okla. Case No. 18-CV-0470-TCK-JFJ. Petitioner filed a motion to stay the habeas proceeding on September 17, 2018, alleging that his postconviction counsel did not communicate with him, he was "left in the dark about his filings" and he "panicked and filed his Post-Conviction and his Habeas Petition" at the same time because he thought he had to file the federal habeas petition before August 31, 2018.  Dkt. # 4, Ballard v. Martin, N.D. Okla. Case No. 18-CV-0470-TCK-JFJ, at 1.  The court denied petitioner's request for a stay, reasoning that petitioner had miscalculated the commencement date of his one-year limitation period for filing a timely federal habeas petition, that his one-year limitation period had been tolled while his applications for postconviction relief were pending, and that petitioner would have nearly 90 days following the conclusion of his state postconviction proceedings to file a timely federal habeas petition.  Dkt. # 6, Ballard v. Martin, N.D. Okla. Case No. 18-CV-0470-TCK-JFJ, at 3, 7-8. The court therefore advised petitioner that he could either (1) proceed on the four claims asserted in his habeas petition that he had properly presented in state court on direct appeal or (2) dismiss the petition and commence a new habeas proceeding after presenting additional claims in state court through postconviction proceedings.  Id.  Petitioner moved to dismiss the habeas petition on December 3, 2018, and the court granted that motion in an order filed December 6, 2018, dismissing the petition without prejudice to refiling.  Dkt. ## 7, 8, Ballard v. Martin, N.D. Okla. Case No. 18-CV-0470-TCK-JFJ.  In the dismissal order, the court explained,

---

[3]     As respondent notes, the Clerk of Court received petitioner's first federal habeas petition on September 7, 2018, but the Court deemed it filed on August 31, 2018, with the benefit of the prison mailbox rule.  Dkt. # 6, at 4 n.4; see Dkt. # 6, Ballard v. Martin, N.D. Okla. Case No. 18-CV-0470-TCK-JFJ, at 2 n.1.

> Because the dismissal is without prejudice, any new petition would not be considered "second or successive" under [28 U.S.C.] § 2244(b)(2).  However, this dismissal without prejudice will not preclude the assertion of a statute of limitations defense by the respondent in any future federal habeas corpus action challenging the conviction(s) at issue in this case.  Thus, petitioner is cautioned to be aware of the one-year limitations period provided in 28 U.S.C. § 2244(d) as he pursues his state post-conviction remedies.

Dkt. # 8, Ballard v. Martin, N.D. Okla. Case No. 18-CV-0470-TCK-JFJ, at 1.

On March 14, 2019, about three months after the dismissal of his first federal habeas petition, petitioner filed a third application for postconviction relief in state district court.  Dkt. # 6-16.  The state district court denied the application on June 13, 2019.  Dkt. # 6-18.  Petitioner filed a postconviction appeal, and the OCCA dismissed the appeal on September 13, 2019, finding that petitioner failed to comply with the OCCA's rules for perfecting the appeal.  Dkt. # 6-21.

Petitioner filed the instant federal habeas petition (Dkt. # 1) on December 2, 2019.  Respondent filed a motion to dismiss (Dkt. # 5) and brief in support (Dkt. # 6), urging the Court to dismiss the petition based on petitioner's failure to comply with the applicable one-year statute of limitations.  Petitioner filed a response (Dkt. # 7), urging the Court to toll the one-year limitation period for equitable reasons and deem his petition timely filed.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners who seek federal habeas relief under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  In most cases, the one-year limitation period commences on "the date on which the judgment [of the State court] became final by the conclusion of direct review or the expiration of

the time for seeking such review." Id. § 2244(d)(1)(A).[4]  The one-year limitation period is tolled

for "[t]he time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).  An application

for postconviction relief or other collateral review is "properly filed," for purposes of § 2244(d)(2),

"when its delivery and acceptance are in compliance with the applicable [state] laws and rules

governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Even if properly filed, an application

for postconviction relief or other collateral review has a tolling effect only if it is filed within the

one-year limitation period.  Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

In addition, because the AEDPA's one-year limitation period is not jurisdictional, federal

courts may, in certain circumstances, toll the limitation period for equitable reasons.  Holland v.

Florida, 560 U.S. 631, 645 (2010).   To obtain equitable tolling, a habeas petitioner must

demonstrate, with "specific facts," (1) that he diligently pursued his federal claims and (2) that

extraordinary circumstances prevented him from filing a timely federal habeas petition.  Yang v.

Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

### III.

Respondent contends that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A),

even with the benefit of statutory tolling, and that petitioner has neither alleged nor demonstrated

that his circumstances warrant equitable tolling.  Dkt. # 6, at 6-10.

---

[4]     Under specific circumstances, the one-year limitation period may also commence at a later
date under § 2244(d)(1)(B), (d)(1)(C), or (d)(1)(D).  Because petitioner does not mention any
of these provisions in his petition or in his response to the dismissal motion, the Court
confines its analysis to determining whether the petition is timely under § 2244(d)(1)(A).

**A.     The petition is untimely, even with the benefit of statutory tolling.**

Applying § 2244(d)(1)(A), petitioner's judgment became final on November 29, 2017, 90

days after the OCCA issued its decision affirming his judgments and sentences, when the time

expired for petitioner to seek further direct review by filing a petition for writ of certiorari in the

United States Supreme Court.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding

that one-year limitation period commences under § 2244(d)(1)(A) when time expires for seeking

writ of certiorari from Supreme Court, regardless of whether petitioner files a certiorari petition);

Sup. Ct. R. 13.1 (providing 90-day period for filing petition for writ of certiorari).  Petitioner's one-

year limitation period commenced the next day, November 30, 2017, and, absent any statutory

tolling events, expired on November 30, 2018.  See United States v. Hurst, 322 F.3d 1256, 1261

(10th Cir. 2003) (holding that courts should apply FED. R. CIV. P. 6 to calculate one-year limitation

period under § 2244(d)(1)).

However, as respondent acknowledges, petitioner is entitled to two periods of statutory

tolling. Dkt. # 6, at 6-8.  First, the limitation period was tolled for 109 days, from August 31, 2018,

when petitioner, through counsel, filed his first application for postconviction relief, to December

18, 2018, when the time expired for him to perfect a postconviction appeal from the state district

court's October 19, 2018, order denying relief.[5]  See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir.

2000) (holding that "regardless of whether a petitioner actually appeals the denial of a post-

---

[5]     Respondent correctly notes that petitioner's second application for postconviction relief,
filed September 7, 2018, was also denied on October 19, 2018, and petitioner had the same
60-day period, or until December 18, 2018, to perfect a postconviction appeal from the
denial of that application.  Dkt. # 6, at 7 n.6.  Because the first application was already
pending when petitioner filed his second application, the Court agrees with respondent that
petitioner is entitled to statutory tolling for the longer period, 109 days, that the first
application was pending.  Id.

conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law" (emphasis in original)); Rule 5(C)(2), <u>Rules of the Oklahoma Court of Criminal Appeals</u>, Title 22, Ch. 18, App. (2019) (providing that appellant has 60 days from denial of postconviction relief to perfect postconviction appeal). Second, the limitation period was tolled for 183 days, from March 14, 2019, when petitioner filed his third application for postconviction relief, to September 13, 2019, when the OCCA dismissed his postconviction appeal for failure to properly perfect the appeal.[6]

Nonetheless, even accounting for these two tolling periods, the petition is untimely. Petitioner's one-year limitation period commenced on November 30, 2017, and ran for 274 days, before the first period of statutory tolling began on August 31, 2018. After the first tolling period ended on December 18, 2018, petitioner had 91 days to file a timely federal habeas petition.

---

[6]     Petitioner appears to challenge the validity of the OCCA's procedural dismissal of his postconviction appeal. Dkt. # 7, at 3. More specifically, he appears to acknowledge that he did not timely file a supporting brief, but he argues that the OCCA should have excused the untimeliness because he filed the brief within the time the OCCA provided for him to show cause why the brief was not timely filed. <u>Id.</u> Whether the OCCA correctly applied its own rules to dismiss petitioner's postconviction appeal is a matter of state law. And, for purposes of determining whether the postconviction appeal had any tolling effect under § 2244(d)(2), respondent appears to concede that the postconviction appeal was properly filed even though the OCCA dismissed the appeal on grounds that petitioner failed to comply the OCCA's procedural rule for perfecting the appeal. Dkt. # 6, at 7 (citing <u>Habteselassie v. Novak</u>, 209 F.3d 1208, 1212 (10th Cir. 2000), as holding that an application for state postconviction relief is "properly filed" even if the reviewing court later determines that the applicant's claims are procedurally barred, frivolous, or without merit). This concession is based on a misreading of <u>Habteselassie</u> as that case explains that a pleading is not "properly filed" when it fails to comply with filing requirements but is "properly filed" even if the reviewing court ultimately determines, after "some manner" of analysis, that a procedural bar precludes relief on the merits. 209 F.3d at 1210-12. Nonetheless, because respondent's concession benefits petitioner, the Court accepts the concession for purposes of resolving respondent's dismissal motion.

Petitioner allowed 85 days to pass before the second tolling period began on March 14, 2019, when he filed his third application for postconviction relief.  Thus, when the second tolling period ended on September 13, 2019, petitioner had only six days from the following day, or until September 20, 2019, to file a timely federal habeas petition.  He did not file the instant petition until December 2, 2019, which was 73 days after his deadline expired.  The petition is therefore untimely under § 2244(d)(1)(A).

Petitioner does not seriously contest this conclusion.  In the section of his habeas petition relating to timeliness, he appears to rely on a portion of the order dismissing his first federal habeas petition to assert that the instant habeas petition is timely.  He specifically states, "Pursuant to Fed. R. Civ. P. 41(a), the Court finds Petitioner's motion to dismiss without prejudice should be granted. Because the dismissal is without prejudice any new petition would not be considered 'second or successive' under § 2244(b)(2)." Dkt. # 1, at 34.  This language from the dismissal order, however, does not speak to whether a petition filed after the dismissal without prejudice of his first petition would be timely.  Rather, the portion of that order discussing timeliness expressly cautioned petitioner to be mindful of the one-year limitation period as he pursued state postconviction remedies.  Dkt. # 8, Ballard v. Martin, N.D. Okla. Case No. 18-CV-0470-TCK-JFJ, at 1.  And, as discussed next, petitioner seemingly acknowledges that his petition is untimely by seeking equitable tolling of the one-year limitation period.  Dkt. # 7, at 1-3.

B.     **The petition is untimely, even with the benefit of equitable tolling.**

In his response, petitioner contends that he is entitled to equitable tolling because several circumstances prevented him from filing the instant habeas petition.  He alleges (1) that the North Fork Correctional Center (NFCC) was on lockdown from September 14, 2019, to "about mid- to late

November 2019," (2) that he could not retrieve the work he had already completed on his habeas petition from the law library computer because the library was closed during the lockdown and on Thanksgiving, and (3) that even after the lockdown ended and he gained access to the law library computer "all [of] his previous legal work was unable to be retrieved and [he] had to completely start over." Dkt. # 7, at 2. Further, he alleges there are "1500 plus inmates" at the NFCC and "lockdown problems and daily to weekly mishaps in the system" make it difficult for petitioner and other inmates to meet filing deadlines. Id.[7]

Generally, prison lockdowns and limited access to law libraries are considered ordinary circumstances of prison life, not extraordinary circumstances that would support equitable tolling of the one-year limitation period. See, e.g., Dill v. Workman, 288 F. App'x 454, 457 (10th Cir. 2008) (unpublished)[8] (rejecting request for equitable tolling based on findings that 74-day prison lockdown was not extraordinary and the petitioner failed to explain his delay in filing habeas petition after lockdown ended); Gifford v. Everett, 28 F. App'x 748, 751 (10th Cir. 2001) (unpublished) (affirming district court's conclusion that equitable tolling was not warranted when the petitioner alleged that a six-month lockdown limited his access to law library and he suffered a back injury but the petitioner failed to show how these circumstances prevented him from timely

---

[7]    Though not clear, petitioner also appears to allege that he could not meet his deadline for filing a timely federal habeas petition because the OCCA erroneously dismissed his post-conviction appeal challenging the denial of his third application for postconviction relief. Dkt. # 7, at 3. As previously discussed, respondent concedes, albeit incorrectly, that petitioner is entitled to statutory tolling for the period that postconviction appeal was pending. See supra n.6. Given the Court's acceptance of respondent's concession, the Court finds no basis to also grant equitable tolling for whatever time petitioner believes his postconviction appeal should have been pending in the OCCA.

[8]    The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

9

filing a federal habeas petition, particularly when his "federal petition simply repeated verbatim the grounds and legal arguments contained in his state post-conviction motion" and the petitioner "waited more than three years after his conviction became final before filing the state post-conviction proceeding").

Here, though, the lockdown occurred at a critical time for petitioner. With the benefit of statutory tolling, he had until September 20, 2019, to file timely federal habeas petition. On September 15, 2019, the Oklahoma Department of Corrections ordered a statewide lockdown due to prison riots at multiple correctional facilities. See Oklahoma Department of Corrections, News Release, dated October 25, 2019, available at http://www.doc.ok.gov/26.[9] Because this lockdown occurred when petitioner had only five days remaining to file a timely federal habeas petition, the Court finds that equitable tolling is warranted for the 41-day period that petitioner was subject to the lockdown. However, contrary to petitioner's allegation that the NFCC was under lockdown until "about mid- to late November 2019," Dkt. # 7, at 2, the NFCC remained locked down only until October 25, 2019. See Oklahoma Department of Corrections, News Release, dated October 25, 2019, available at http://www.doc.ok.gov/26. Accordingly, after the lockdown ended petitioner had five days, or until October 31, 2019, to file a timely federal habeas petition. Even assuming the truth of petitioner's allegation that he had trouble retrieving saved work on his petition from the law library computer and had to "start over" after the lockdown ended, petitioner does not allege that he lacked access to all of his legal materials and he fails to explain why it took an additional 33 days beyond his October 31, 2019, deadline to prepare and file the mostly-handwritten petition asserting

---

[9]        The Court takes judicial notice of the dates and circumstances of the lockdown, both of which are matters of public record. FED. R. EVID. 201.

claims he previously exhausted through his direct appeal or through state postconviction proceedings.  In short, even providing petitioner with equitable tolling for the 41-day lockdown, the petition remains untimely.

IV.

Based on the foregoing analysis, the Court concludes that even with the benefit of statutory and equitable tolling, petitioner failed to comply with 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.  As a result, the Court grants respondent's dismissal motion and dismisses with prejudice petitioner's petition for writ of habeas corpus.  The Court further concludes that reasonable jurists would not debate the procedural dismissal of the petition and thus declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).[10]

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Respondent's motion to dismiss (Dkt. # 5) is **granted**.

2.    The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

3.    A certificate of appealability is **denied**.

4.    A separate judgment shall be entered in this matter.

**DATED** this 11th day of August, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[10]    If petitioner intends to pursue an appeal, he may request a certificate of appealability from the U.S. Court of Appeals for the Tenth Circuit.  See FED. R. APP. P. 22(b); 10th Cir. R. 22.1.